## BOISMARE *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A ceding debtor, who is a merchant or a bookseller and stationer, and keeps books of accounts, is bound to surrender and present to the judge all his commercial books, before the order is granted staying proceedings against him or his property, and calling a meeting of his creditors.

The repeal of general laws, as regards their obligatory force in the administration of justice, ought not to destroy the force of principles which were established when they were in force, when these principles comport with natural justice as applied to the conduct of men.

EASTERN DIST.
*June*, 1835.

BOISMARE
*vs.*
HIS CREDITORS.

In cases of insolvency and bankruptcy, fraud is presumed against the insolvent, and courts of justice should act on this principle when that presumption is supported by the evidence of facts which corroborate it.

So, where the insolvent made a cession of his property and prayed for the benefit of the insolvent laws, but withheld his commercial books or books of account: *Held,* that he is thereby debarred from any benefits or privileges provided by the laws for the relief of insolvent debtors.

On the 14th May, 1834, the petitioner presented his petition accompanied by a schedule of his debts, credits and pecuniary affairs, alleging, that from the embarrassment of the times, depreciation of property, general loss of confidence and credit now existing in the community, he finds it impossible to meet his engagements; he, therefore, prays the court to accept a cession of his property for the benefit of his creditors, and call a meeting of them to deliberate on his affairs, &c.; and that all judicial proceedings be stayed as regards his person and property, and that he be discharged from all his debts.

A meeting of creditors took place before a notary public, in which they accepted the property surrendered and appointed syndics. These proceedings were filed in court on the 23d June, and on the 27th of the same month, E. A. Canon, Esq., counsellor at law, appointed by the court to represent the absent creditors, filed his opposition to the privileges and benefits of the insolvent laws being accorded to the insolvent, because he had not complied with the requisitions of said law; that he was a merchant and kept a set of books; that he was a bookseller, stationer, and sold paper hangings, and has entirely failed to bring his commercial books into court for the inspection of his creditors, as the law requires. He further states, that the insolvent shortly before his failure, sold and transferred his bookstore and paper hangings to two of his relations, and that an inspection of his account books and a knowledge of his business transactions are highly important to the creditors. He, therefore, opposes the homologation of the proceedings in the case, so far as they exempt the person of the insolvent, and put him out of the reach of his creditors.

The evidence established the fact, that the insolvent was EASTERN DIST.
a bookseller, stationer and seller of paper hangings, and that *June*, 1835.
he kept books of accounts, which he refused to bring into      BOISMARE
court; and that he had sold and transferred his establishment   *vs.*
as alleged.                                                   HIS CREDITORS.

The counsel for the insolvent insisted, that he could not
be deprived of the benefit of the insolvent laws, except on an
accusation of fraud, for causes expressed in the act of 1817,
relating to voluntary surrenders by insolvents.

The district judge was of opinion that the production of
the mercantile or account books of the insolvent, was a
necessary prerequisite to entitle him to the benefit, relief and
discharge under the insolvent laws. Judgment was rendered
accordingly.

The insolvent debtor appealed.

*Hennen*, for the appellant.

*Canon, contra.*

*Mathews, J.*, delivered the opinion of the court.

On the 4th of May, 1834, the insolvent filed his petition
in the court below, praying to be permitted to surrender his
property for the benefit of his creditors; and annexed a schedule
thereof and debts, sworn to as required by law. On this
an order was obatined for a meeting of the creditors before
a notary public. The order was made on the 14th of the
month and year aforesaid, and the meeting commenced on
the 16th of June following, and proceedings were continued
before the notary, until proof of their claims was made by
the creditors, and syndics were appointed. These proceedings
were filed in court on the 23d of June. On the 27th of this
month an opposition was filed by E. A. Canon, Esq., who
had been appointed to represent the absent creditors.
He objected to the right of the debtor to obtain the benefit
of our insolvent laws, on account of not having complied
with all the prerequisites established, as conditions precedent
to the grant of the privilege to cede his property and thereby

be relieved from personal molestation, &c. This opposition stood over from June, 1834, until February, 1835, without being acted on by the court.

In the meantime, one of the syndics first appointed had resigned, and another was put in his place some time in the month of September. Further proceedings in relation to the insolvent's estate were then had, which continued to the 20th of October, and on the 25th of that month, they were filed in Court, and a rule taken on the creditors and all others concerned, to show cause on the 8th of November, why these proceedings should not be homologated. No cause was shown on the day appointed, and the rule was made absolute, and the proceedings ordered to be homologated.

Subsequent to this time, the syndics proceeded to sell the property of the insolvent; and matters remained in this state until the 7th of February, 1835, when judgment was rendered on the opposition, which had been filed on the 27th of January preceeding, as above stated. The judgment being in support of the opposition and against the privileges claimed by the insolvent, he appealed.

Against the correctness of this judgment, it is contended on his part that the homologation of the proceedings which took place before the notary, is conclusive as to their legality, and consequently affirmative of all the rights and privileges claimed by the ceding debtor, under our system of insolvent laws; as no means are pointed out by law, whereby an insolvent may be deprived of the benefits secured to him, except in charges of fraud, made on oath, and found to be true by a jury.

The opposition made in the present instance, is not based on any specific charge of fraud, but on the ground of neglect on the part of the insolvent, in not surrendering his books of accounts as required of him, he being a merchant or shopkeeper. The evidence taken on the trial shows clearly that he was a bookseller, and dealt in stationary and paper-hangings, and that he kept books of account, in which his business transactions were entered. He was then evidently in the predicament of merchants, and was bound by law to

A ceding debtor, who is a merchant, or bookseller and stationer, and keeps books of

present to the judge, before whom the proceedings *in concurso* were pending, all his commercial books. This ought regularly to have been done before the order was granted, calling a meeting of creditors and staying proceedings against the person and property of the debtor.

In the petition for leave to surrender his property, and in which the protection accorded to honest insolvents is asked for, no mention is made of his occupation. The judge, therefore, who made the order, cannot be supposed to have known that the petitioner was a merchant. He, however, certainly knew it himself, and did not do all that was required of him by law, as conditions precedent to obtaining the privileges allowable to men in his situation, and without which they ought not to be allowed.

The original order itself, and all subsequent proceedings, might perhaps be considered as void, in consequence of this failure on the part of the debtor to disclose his situation as a merchant, and thus attempting to commit a fraud on the law, which may have been prejudicial to the rights and claims of his creditors.

The decision on the opposition, made in behalf of the absent creditors, although it may not be considered as having annulled all the proceedings previously had in the *concurso*, does deprive the ceding debtor of an important privilege, granted to honest insolvents; and the question is, whether this decision ought to be affirmed under the circumstances of the case.    According to the laws, as they existed formerly in this state, fraud was to be presumed in cases of insolvency. These laws were repealed by the act of 1828; but the repeal of them, as laws absolutely obligatory in the administration of justice, ought not to destroy the force of principles which were established by them, when these principles are found to comport with justice, and may be considered as having been induced from rational and well founded opinions of the probable conduct of men in civil society.    It is to be presumed, that a person of ordinary discretion, who becomes indebted to others, acquires property equivalent to the debts created by its aquisition, and probably lives in a style proportionate to his means, and when by accidental circumstances

EASTERN DIST.
*June*, 1835.

BOISMARE
*vs.*
HIS CREDITORS.

accounts,    is bound to surrender and present to the judge all his commercial books, before the order is granted staying proceedings against him or his property, and calling a meeting of his creditors.

The repeal of general laws as regards their obligatory force in the administration of justice, ought not to destroy the force of principles which were established when they were in force, when those principles comport with natural justice, applied to the conduct of men.

In cases of insolvency and bankruptcy, fraud is presumed against the insolvent, and courts of justice should act on this principle when that presumption is supported by the evidence of facts which corroborate it.

his means decrease, and he is obliged to make a surrender of all, for the benefit of his creditors, nothing can be imagined so well calculated to put to a severe trial his honesty and good faith. Some concealment may be supposed in a majority of cases, where the integrity of men is put to a test so hard and intolerable, as a change from plenty to beggary. We, therefore, think the principle sound, which presumes fraud in bankruptcies, and that courts of justice should act on this principle, when the presumption is supported by evidence of any facts which tend to corroborate it. It may, however, be admitted as true, that the facts relied on to establish fraud, in the case now under consideration, have not been made out on a formal charge, verified by the verdict of a jury, according to the provisions of the act of 1817. But it must not be lost sight of, that they relate to neglect and omissions on the part of the insolvent, of things which he was bound by law to perform as prerequisites, in order to entitle him to the benefit and privileges of laws which provide for the relief of insolvents, and without the performance of which, these privileges ought not to be accorded to him, in their full extent; having failed to fulfil the conditions imposed on him, he is not entitled to the benefits granted as a special favor. That the conduct of the insolvent in the present instance, was not a consequence solely of ignorance or forgetfulness, is made evident by the course pursued by the attorney of the absent creditors. The debtor was earnestly requested on their part, to produce his books of account, and submit them for inspection; but he obstinately refused, although the request was just and reasonable, besides being founded in law. What can be inferred from such a course of conduct? A deliberate intention, fraudulently to conceal evidence from the absent creditors, by which their agent might have ascertained the true amount of their credits, and taken the proper means to secure payment.

So, where the insolvent made a cession of his property, and prayed for the benefit of the insolvent laws, but withheld his commercial book or books of account: *Held,* that he is thereby debarred from any benefits or privileges provided by the laws, for the relief of insolvent debtors.

From these considerations we are of opinion, that the judgment of the District Court should be affirmed; which is accordingly ordered.